[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR COSTS AND FEES
In this post-trial motion, the plaintiff seeks to recover attorney fees and expenses that she incurred in prosecuting her appeal of a decision of the defendant Commission on Human Rights and Opportunities (CHRO). The court finds the issues in favor of the plaintiff.
The essential procedural facts are undisputed. Pursuant to General Statutes 4-183, the plaintiff appealed the decision of the CHRO which dismissed her complaint of sex discrimination against her employer, the defendant state judicial department. This court conducted an evidentiary hearing in accordance with General Statutes 4-183(i) to determine whether the CHRO had committed alleged procedural irregularities in arriving at its decision on the plaintiff's discrimination complaint. The parties presented extensive briefs and oral argument. The court ultimately ruled in favor of the plaintiff and remanded the case to the CHRO, ordering it to conduct a new investigation of the plaintiff's complaint. CT Page 9016
The basis of the court's decision on the plaintiff's administrative appeal was that the CHRO violated General Statutes 46a-83(b) in that the investigator failed to afford the plaintiff the required opportunity to review and comment on adverse evidence in the CHRO's case file. The court found that the investigator solicited this evidence, a memorandum highly critical of the plaintiff, from her supervisor in the judicial department in the course of an ex parte conversation with him. The investigator never revealed the conversation or the memorandum to the plaintiff. The court further found that the investigator knew that the plaintiff desired the opportunity, guaranteed by the statute, to comment on all adverse evidence. The court concluded, under the circumstances of this case, that the CHRO had an obligation to disclose the existence of the memorandum to the plaintiff. Finally, the court found that the CHRO relied in part on statements contained in the memorandum in reaching its decision to dismiss the plaintiff's discrimination complaint.
In his testimony to the Court, the CHRO investigator offered no convincing reasons for the failure to disclose the memorandum to the plaintiff or to tell her of his conversation with her supervisor. General Statutes 4-184a(b) provides, in relevant part, as follows:
 In any appeal by an aggrieved person of an agency decision taken in accordance with Section 4-183 . . . the court may, in its discretion, award to the prevailing party, other than the agency, reasonable fees and expenses in addition to other costs if the court determines that the action of the agency was undertaken without any substantial justification.
There is no question here that the plaintiff was the "prevailing party" in this administrative appeal. In deciding whether to award fees and expenses pursuant to the statute, therefore, the only critical issue is whether the action of the CHRO was "undertaken without any substantial justification."
There appears to be no authority at the appellate level on this issue. Two superior court decisions on the issue; however, are persuasive and helpful. In Nelson v. Commissioner of Income Maintenance, No. 305598 (Superior Court, New Haven J.D., April 19, 1991, Vertefeuille, J.), 3 Conn. L. Rptr. 518 (1991), the court found that the agency had violated state statutes in denying the plaintiff's request to be furnished a motorized wheelchair at state expense. Nevertheless, the court declined to find that the CT Page 9017 agency decision was without any substantial justification because there were other Connecticut court decisions and agency regulations which arguably supported it. In contrast, in Murphy v. State Employees Retirement Commission, No. 0366114 (Superior Court, Hartford J.D. September 25, 1991, Aurigemma, J.),5 Conn. L. Rptr. 43 (1991), the court found that there was no substantial justification for the agency's ruling that the plaintiff's state pension benefits should be suspended. The plaintiff's administrative appeal on the issue had been decided in his favor by the Supreme Court on a reservation to it by the Superior Court. Subsequently, the Superior Court, in the cited case, found that the agency had ignored the plain language of the applicable statute and had failed to follow two of its own prior rulings on the subject. The court further found that the agency's reliance on a U.S. government publication, under the circumstances of the case, was "not reasonable" and afforded no substantial justification for its action.
In the present case, unlike the Nelson case, supra, the agency has offered no statutory, regulatory or judicial authority for its failure to comply with General Statutes 46a-83(b). On the other hand, as in the Murphy case, supra, the language of the statute is plain: "[b]efore issuing a finding of reasonable cause or no reasonable cause, the investigator shall afford each party and his representative an opportunity to provide written or oral comments on all evidence in the Commission's file. . . . (Emphasis added).
In opposing the appeal, the CHRO argued (1) that the memorandum in question was not evidence; (2) that it was not prejudicial to the plaintiff; and (3) that the plaintiff had an opportunity to examine the case file. In deciding the appeal, this court carefully considered all of these arguments and stated its findings and conclusions in detail. It found that arguments (1 ) and (2) were utterly without merit, With respect to (3), the court found that under the particular facts of this case, as revealed during the evidentiary hearing, the investigator had an obligation to notify the plaintiff of the existence of her supervisor's memorandum and there was no justification for not doing so.
In summary, the court finds that the actions of the agency, in this case the CHRO, were taken without substantial justification and that the plaintiff prevailed in her appeal. On the basis of unchallenged affidavits of the plaintiff and her attorney, the court finds that the plaintiff incurred reasonable attorney's fees and CT Page 9018 costs in the amount of $14,903.37 and that her net worth does not disqualify her from and award under 4-184(a). Subsection (a)(2) of that statute, however, limits her total recovery to $7,500.00. Accordingly, the court grants the plaintiff's motion and awards her the sum of $7,500.00.
Maloney, J.